PEOPLE, *ex rel.* FOX, *v.* FIDELITY & DEPOSIT CO.

1. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — BONDS — "MATERIALS FURNISHED," WITHIN MEANING OF STATUTORY BOND.
   Lumber furnished to the contractor constructing a munici-
   pal waterworks plant, which was used in making forms
   for holding cement, and which in this manner was en-
   tirely used up, is "material furnished" within the mean-
   ing of the statutory bond prescribed by 3 Comp. Laws
   1915, § 14829, for which the surety is liable.

2. SAME — RELEASE OF SURETY—DEPARTURE FROM CONTRACT IN
   MANNER OF MAKING PAYMENTS.
   Payment by the municipality direct to labor and material-
   men instead of to the contractor, as provided for in the
   contract, is not such a departure from the terms of the
   contract in the matter of payment as would release the
   surety on the contractor's statutory bond; said departure
   being a benefit to the surety instead of prejudicing its
   rights.

Error to Bay; Houghton (Samuel G.), J.      Sub-
mitted February 3, 1927.      (Docket No. 173.)      De-
cided April 1, 1927.

Assumpsit by the people of the State of Michigan,
for the use of Willis D. Fox and L. Curtis Fox, co-
partners as W. D. Fox & Son, against the Fidelity &
Deposit Company for materials furnished under a
building contract.      Judgment for plaintiff.      Defend-
ant brings error.      Affirmed.

*Lewis J. Weadock,* for appellant.

*Stoddard & McMillan,* for appellee.

McDONALD, J.      This suit was brought to recover

[1]Municipal Corporations, 28 Cyc. p. 1041; [2]Id., 28 Cyc. p. 1041
(Anno).

for materials furnished by the plaintiff and used in the construction of the waterworks at Bay City, Michigan. The contract to erect the plant and to furnish all labor and materials therefor was let to J. L. Sparling Company on September 18, 1922, for the stipulated sum of $495,737.75. The statutory bond in the penal sum of $124,000 was given by the Sparling Company with defendant as surety thereon. Between April 4, 1923, and November 5, 1924, the plaintiff furnished a quantity of lumber to the Sparling Company which was used in making forms for holding cement. This suit was begun to enforce the payment of a balance of $5,370.30 on that account. The case was heard by the court without a jury. Findings were filed and exceptions thereto entered by the defendant. Judgment was given the plaintiff for the full amount of the claim. The defendant brings error.

The assignments of error present two questions:

"*First.* Is the plaintiff entitled to recover as materialman for form lumber under the bond furnished pursuant to section 14827 *et seq.*, 3 Comp. Laws 1915?

"*Second.* Has the defendant surety been released from liability by action of the city of Bay City in taking exclusive charge of handling and disbursing of the moneys due the principal contractor under the latter's contract with the city?"

As to the first question, counsel for the defendant says:

"(a) That the materials furnished were not within the purview of sections 14827 *et seq.*, 3 Comp. Laws 1915; (b) the materials are not incorporated in the structure; (c) that form lumber stands in the same relation as the contractor's tools, equipment, and appliances and for which the defendant surety was not liable."

The language of the bond upon which this action is based follows the statute, which provides (§ 14829)

that the condition of the bond be for the payment of "materials furnished in the erection, repairing, or ornamentation of such building, improvement, or works." The question is whether form lumber constitutes "materials furnished" within the meaning of the statute. The contract and specifications provided for material for forms. The lumber used for that purpose was cut up and built into forms for holding concrete, and when the concrete was sufficiently hardened the forms would be taken down and used again in some other part of the construction. In this way the form lumber was entirely used up and became worthless for any other purpose.

The contention of counsel for the plaintiff is that form lumber was necessary to construct the works in accordance with the contract; that it was entirely consumed in the construction; that it was instrumental in producing the completed structure; that it materially enhanced its value, and therefore comes within the meaning of "materials furnished in the erection" of the building, the payment of which is protected by the bond. We think that counsel for the plaintiff is supported in this contention by the current authority. But it is not necessary to refer to cases from other jurisdictions. Our court has spoken on the subject. In *City of Alpena, for use of Besser,* v. *Surety Co.,* 159 Mich. 329, the court denied the liability of the surety for materials furnished for repairing machinery used in the construction work; and in doing so took occasion to define the meaning of "materials" as used in the statute to be "such materials as are necessary to construct the work in accordance with the contract." This language applies to the instant case. The contract and specifications provided that lumber forms were necessary in the construction of the work, and that the company must furnish them. They were part of the cost of the construction.

But the latest utterance of our court on this subject is much more decisive of the particular question here involved.    In *Smith* v. *Oosting,* 230 Mich. 1, we held that gasoline furnished a contractor for the operation of his trucks in hauling gravel for the construction of a highway was "materials furnished" within the meaning of the statute.    Counsel for the defendant admits the controlling effect of that case, but asks us to overrule it because, as he claims, it is not in harmony with *City of Alpena, for use of Gilchrist,* v. *Surety Co.,* 168 Mich. 350.    It is true that it is not in harmony with the conclusion reached in that case, but, as pointed out by Mr. Justice BIRD, who wrote for the court in *Smith* v. *Oosting, supra:*

"But counsel argue that the question was settled in the case of *City of Alpena, for use of Gilchrist,* v. *Surety Co.,* 168 Mich. 350.    In this case a claim was filed for coal used in a dredge which was used in constructing a submerged crib for waterworks in the city of Alpena.    A further claim was made for parts and repairs for the dredge and pumps.    The opinion in the case referred to assumed that the question of coal for use in propelling the machinery of the dredge had been settled in *City of Alpena, for use of Besser,* v. *Surety Co.,* 159 Mich. 329.    In referring to that case it will be found no claim was filed for coal or for fuel. Mr. Justice BLAIR evidently classed fuel with the parts and repairs furnished for the dredge and pumps.    It is quite probable that the distinction between fuel which is wholly consumed in aid of the work, and repairs and parts which enhance the value of the machinery and survive the work then engaged in, was not called to the attention of the court.    In the case cited it was rightly decided that the claim made for repairs and parts was not protected by the bond.    The error, if one were made, was in classifying fuel with 'parts and repairs.'    We think if this distinction had been called to the attention of the court at that time the court would have recognized and observed it in the opinion.    On principle the distinction should be made, and we are inclined to make it in the present case."

*Smith* v. *Oosting, supra,* is authority for holding that form lumber is "material furnished" within the meaning of the statute, and is protected by the defendant's bond.

The question remains whether the defendant was released from liability to the plaintiff by the action of the city in disbursing the moneys due on the contract to the principal contractor. This contention of counsel for the defendant is based on an alleged departure from the contract in the matter of payments to Mr. Sparling. The contract provided that payments should be made to Sparling on the estimate of the engineer, certified in writing and filed with the city commission. There came a time during the course of construction when it seemed advisable for the city to make payments direct to labor and materialmen instead of to Sparling. Mr. Reid, the city manager, testified:

"Sparling purchased the material, and would bring the bills to me O. K.'d by him and as I remember it now they would be O. K.'d by the resident engineer of the Frazier, Ellms Sheal Company, and affidavit attached to them from the materialmen. These bills I then presented to the city commission and asked payment of them, and vouchers were drawn for the full amount of the invoices. These payments were made direct to the materialmen and to labor, but always with the supervising O. K. and approval of Mr. Sparling."

There is nothing in this manner of disbursement which could be said to be a material departure from the contract. The only change was that the money was paid to the materialmen instead of to Sparling. This in no way prejudiced the rights of the surety. In fact, it was for its benefit. Instead of allowing Sparling to receive the money and probably use it for purposes not connected with the construction of the plant, the city took the precaution to apply it directly

on the debts for which the surety would be liable. The circumstances fully justified this action on the part of the city.    In fact, it would have failed in its duty to the surety if it had not done so.    Further, it should be remembered that the bond in this case was not given to secure the performance of a building contract.    It was to secure the payment of labor and materials furnished.    As was said in *People, for use of Reynolds,* v. *Banhagel,* 151 Mich. 40:

"It runs to the people of the State.    It is conditioned to pay, if the principal (contractor) does not, for the material and labor entering into the construction of the contract work.    Its purpose would be defeated if by some alteration in the contract time or manner of paying the contractor the sureties could be released."

In taking charge of the disbursements as shown by this record, the action of the city did not change or alter the defendant's liability for payment of materials furnished.

The judgment of the circuit court is affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.