### STODDARD DICK CO. *v.* MICHIGAN SURETY CO.

1. MUNICIPAL CORPORATIONS—PUBLIC BUILDINGS—STATUTORY BONDS —MATERIALS—SHORES.

   Materials as used in statute requiring labor and material bond of contractor constructing or repairing public building includes only such commodities as are wholly consumed in construction or in connection with it and does not include leased shores used in lieu of form lumber (3 Comp. Laws 1929, § 13136).

2. PRINCIPAL AND SURETY—SHORES—EQUIPMENT RENTALS—STATUTORY BOND—PROMISES—MUNICIPAL CORPORATIONS.

   One who leases shores for construction of public building may not recover rental therefor from surety on statutory bond who assumed joint control with contractor during course of construction where only express promise of surety was to pay for materials upon approval of architect and no promise may be implied (3 Comp. Laws 1929, § 13136).

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 19, 1933. (Docket No. 63, Calendar No. 37,367.) Decided December 5, 1933.

Assumpsit by Stoddard Dick Company, a Michigan corporation, against Michigan Surety Company, a Michigan corporation, for materials furnished in the construction of a public building. Judgment for plaintiff. Defendant appeals. Reversed.

*Coulter & Hampton,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendant.

McDONALD, C. J. This suit was brought to recover for materials furnished by the plaintiff to Johnston-Brommell, Inc., principal contractor in the construction of a public building near Lansing in Ingham county, Michigan. The defendant, Michigan Surety Company, furnished the statutory bond.

During the progress of the work Johnston-Brommell, Inc., became financially involved and it was necessary for the surety company to assume control in order that the building might be completed according to contract and the payments properly applied. The contractor was not entirely displaced but was allowed to operate, jointly with defendant in carrying the work to completion.

The material furnished by the plaintiff was principally tile; but in addition to the tile it rented to the contractor 706 adjustable shores which are now largely used in construction work instead of the old-fashioned lumber forms and which the plaintiff contends should be classed as material. Some of the shores were not returned and some of them were damaged. The plaintiff presented a claim for their rental, for the value of those not returned and for loss on those that were damaged. The defendant paid for the tile but denied liability for any claim concerning the shores on the ground that they were not "materials" or "supplies" within the meaning

of the statute, and, therefore, were not covered by the bond. Thereupon the plaintiff brought this suit and on a trial before the circuit judge without a jury received a judgment, which defendant reviews here on appeal.

The plaintiff's declaration presents three theories on any one of which it pleads the right to recover.

1. It is claimed that the shores are "materials" and "supplies" within the meaning of the statute and are, therefore, protected by the bond.

The statute, 3 Comp. Laws 1929, § 13136, provides:

"The words 'materials' and 'supplies' as used herein shall include coal, wood, form lumber, gasoline, kerosene and lubricating and fuel oils, necessarily used in connection with or consumed in constructing, repairing and ornamenting public buildings and public works," etc.

Though this section of the statute does not expressly mention shores as included in materials, the plaintiff contends that, as they are a substitute for form lumber, the shores should by analogy be included where they are necessarily used in the construction of the building.

In considering this contention the reason why the legislature included coal, forms for lumber, etc., as materials protected by the statute becomes important.

In *People, ex rel. Fox,* v. *Fidelity & Deposit Co.,* 238 Mich. 326, we held that form lumber was included in the word materials because it did not survive the construction but was wholly consumed in the building and went to enhance its value. For the same reason coal and gasoline were held to be materials, *Smith* v. *Oosting,* 230 Mich. 1. As this case was decided prior to the effective date of 3 Comp.

Laws 1929, § 13136, we may fairly assume that in enacting the statute the legislature had this decision in mind and thus included only those commodities as materials which did not survive the construction but in their use were wholly consumed.

These shores are unlike any of the class mentioned in the statute. They are like jacks. They are substantially constructed of steel and wood and are built to last from seven to ten years in continuous service. They are sold to contractors ready for use or leased with option to purchase. They survive the construction in which they are used and remain the property of the contractor or his lessor. They do not enter into the value of the building. They are in the same class as tools and cannot be considered as materials within the meaning of the statute.

2.    The second theory advanced by the plaintiff is that defendant is liable to pay on an express promise.

When the defendant assumed control of the construction, the contractor owed the plaintiff for tile furnished and for rental of shores. In response to a letter from the plaintiff as to payment, Mr. Lewis, vice-president of the surety company, wrote that his company had assumed joint control with the contractor; that payment on estimates would be disbursed under its direction and "This insures to you the payment of your account." Later, Mr. Wernette, defendant's engineer, who was directing the work, wrote:

"It will be some little time before we know just exactly what the situation is regarding various bills. However, we wish to assure you that your company will be paid for all materials furnished to the above job providing, of course, that such are according to

the architect's plans and specifications and approved by them."

The plaintiff contends that these letters constitute an express promise to pay for the shores. We cannot thus construe them. Because of the contractor's failure to pay for the material furnished, the surety company had assumed the disbursement of money received on the contract from the owner; and its only promise was that as the estimates were approved by the architect the money would be applied on the plaintiff's invoices for materials. There was no promise to pay from any other source than from money received on the contract.

3. The contention that a promise to pay should be implied is equally untenable and requires no discussion.

The judgment is reversed, with costs to the defendant.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.